LAW OFFICE OF DELVIS MELENDEZ
ATTORNEY FOR PLAINTIFF
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443
DELVIS MELENDEZ, ESQ.

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE SANTOS ALVARANGA,
On behalf of himself and others similarly situated
                              Plaintiff,

                                                                  **COMPLAINT**

    -against-                                                  **JURY DEMAND**

WANG WNAG LAI INC., D/B/A MUSHROOMS
JIANPING WANG
In his individual capacity

                              Defendants.
------------------------------------------------------------------------X

      Plaintiff Jose Santos Alvaranga on behalf of himself and all others similarly situated, by and through their attorneys, Law Office of Delvis Melendez P.C., complaining of the Defendants, alleges as follows:

### **PRELIMINARY STATEMENT**

1.     Defendants have profited at the expense of their current and former employees who performed labor for Defendants' manufacturing company by failing to pay said workers the state and federal proper overtime wage for each hour they worked over forty (40) hours, and/or spread of hours.

2.     By the conduct described throughout this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiff, minimum wage and/or overtime compensation and/or spread of hours pay

as required by federal and state law.

## NATURE OF THE ACTION

3.  Plaintiff seeks to recover unpaid overtime wages that defendants owe him and similarly situated current and former non-exempt employees. Plaintiff bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former non-exempt employees of defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

6.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

7.  Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 779 Montauk Hwy. West Babylon, N.Y. 11704.

## THE PARTIES

8.  The Plaintiff, JOSE SANTOS ALVARANGA is a resident of the County of Suffolk, State of New York.

9. At all times relevant to the complaint, Plaintiff, Jose Santos Alvaranga was an "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2) of Project Visual International, Inc., located at 779 Montauk Hwy. West Babylon, N.Y. 11704.

10. The Plaintiff, Jose Santos Alvaranga was a long term employee of defendants. Working for the defendants throughout the state and federal statutory period, His employment came to an end on or about March 2020.

11 The Plaintiff, performed non-exempt duties for the defendants. Plaintiff's primarily functioned was dishwashing.

12. Upon information and belief, Defendant WANG WANG LAI INC., D/B/A MUSHROOMS was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

13. Upon information and belief Defendant, WANG WANG LAI, INC., is a for profit company, who is engaged in commerce, with an annual gross revenue of $500,000 for one or more years relevant to this lawsuit.

14. At all times relevant, defendant, WANG WANG LAI INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

15. Upon information and belief, the defendant JIANPING WANG, owns and/or operates WANG WANG LAI, INC.

16. Upon information and belief, the defendant JIANPING WANG, has authority to make payroll and personnel decisions for the defendant WANG WANG LAI INC.

17. At all times hereinafter mentioned, the defendant, JIANPING WANG, was

and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

## FACTS

18. Defendant, Wang Wang Lai Inc., d/b/a Mushrooms is a restaurant.

19. The Plaintiff worked as a kitchen laborer.

20. Plaintiff's claims under the FLSA are brought as a collective action and pursuant to 29 U.SC sec 216(b) on behalf of himself and similarly situated current and former employees who were employed by defendants as laborers.

**21.** As a dishwasher Jose Santos Alvaranga routinely worked from 11:00 a.m. to 10:00 p.m., six days per week.

22. Plaintiff, was paid both in check and cash.

23. Plaintiff was not provided with wage notice.

24. Plaintiff was not provided with wage statements.

25. Defendants never properly informed Plaintiff and other similarly situated employees in writing as to their hourly rate of pay and overtime rate of pay as required under the New York Labor law.

25. Based on the amount of hours work and pay received Defendants have violated minimum wage laws by denying Plaintiff minimum wage pay.

26. Although Plaintiff routinely worked sixty-six hours per week he was not paid overtime at the rate of time and half, as required by state and/or federal law, for hours worked in excess of forty (40).

27. At all times hereinafter mentioned, laborers were required to be paid overtime pay at the statutory rate of time and one-half times the regular rate of pay after they had worked forty

(40) hours in a workweek.

28. Plaintiff, and similarly situated employees worked more than forty hours in most workweeks in which they were employed by the defendants, but were not paid overtime as required by state and federal law.

29. At the beginning of Plaintiff's employment with Defendants they paid him $523.00 by check and approximately $450.00 in cash, bi weekly. By the end of his employment Defendants paid Plaintiff approximately $600.00 in cash and $576.00 in check bi weekly.

30. Defendants did not provide Plaintiff and other similarly situated employees with spread of hours pay when they worked more than (10) ten hours in a single day.

31. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and the New York Labor Law by not reporting the actual hours worked, rate of pay or overtime hours and pay.

32. Defendants' refusal and/or failure to pay minimum wage and/or overtime was knowing and willful.

## COLLECTIVE ACTION ALLEGATIONS

33. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage and/or overtime pay at the statutory rate for all hours worked in excess of forty (40) each week and /or spread of hours.

34. Upon information and belief, there are many current and former employees who

are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is a representative of those other workers and is acting on behalf of the defendants' current and former employees' interests as well as his own interest in bringing this action.

35. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated "back of the house" kitchen workers who work or have worked for defendants at any time during the three (6) years prior to the filing of their respective consent forms.

36. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiff is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23**
**CLASS ACTION ALLEGATIONS**

37. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all "back of the house" kitchen laborers who work or have worked for defendants in the State of New York at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

38. The persons in the Rule 23 Class identified above are so numerous that joinder

of all members is impracticable.

39. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

40. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

1. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

   a) Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   b) Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 193 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.7, 146-1.8;

   c) Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

   d) Whether defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

   e) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

f) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

g) Whether defendants failed and/or refused to pay Plaintiff and the Rule 23 Class minimum wage and/or overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

h) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

i) Whether defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class minimum wage and/or overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

j) Whether Defendants properly notified Plaintiff and Class member of their hourly, and overtime rate;

k) Whether the Defendants provided proper wage statement information (i) to all non-exempt employees including the information required to be provided on the wage statements as required under the New York Labor Law;

l) Whether Defendants paid Plaintiff and the Class members the New York State spread of hours premium when their work days exceeded ten hours;

2. The claims of the Plaintiff are typical of the claims of the Rule 23 Class they seek to represent and the Rule 23 Class work or have worked for defendants in non-exempt positions and have not been paid minimum wage and/or overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory

relief with respect to the Rule 23 Class appropriate.

3. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation for hours worked in excess of forty (40) hours each week.

4. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

5. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

6. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition,

class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

7. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants did not provide Plaintiff and similarly situated kitchen laborers with wage notices.

43. Neither, did defendants provide Plaintiff and other similarly situated employees, with wage statements indicating the actual hours worked, rate of pay, and spread of hours.

44. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

45. Defendants failed to pay Plaintiff and other similarly situated employees minimum wage for all hours worked.

46. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the Plaintiff is

unable to state at this time the exact amount due and owing to them.

47. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

49. At all relevant times, Plaintiff and other similarly situated current and former employees of defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. The minimum wage and/or overtime wage provisions set forth in §201 et seq. of the FLSA apply to the defendants.

51. Defendants have failed to pay Plaintiff and other similarly situated current and former employees the minimum wage and /or overtime wages to which they were entitled under the FLSA.

52. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

53. Because defendants' violations of the FLSA have been willful, a three- year statute of limitations applies, pursuant to 29 U.S.C. §255.

54. As a result of defendants' willful violations of the FLSA, Plaintiff and all others employees of Defendants from 2014 to present have suffered damages by being denied minimum wage and/or overtime wages in accordance with 29 U.S.C. §201 et seq.

55. At all relevant time the Defendants had a policy and practice of refusing to pay the statutory overtime to Plaintiff and Collective Plaintiffs for their hours worked.

56. As a result of defendants' unlawful acts, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

57. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

58. At all relevant times, Plaintiff was an employees and Defendants have been an employer within the meaning of the New York Labor Law.

59. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendants.

60. Defendants willfully violated Plaintiff and Class members' rights by failing to pay the Plaintiff overtime in the lawful amount for hours worked. (i) failed to provide proper wage statements and (iii) did not provide proper wage notice required under NYLL.

61. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

62. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the Plaintiff is unable to state at this time the exact amount due and owing to them.

63. Defendants have failed to pay Plaintiff and the Rule 23 Class Members the overtime wages to which they were entitled under the New York Labor Law.

64. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

65. Due to defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## VIOLATIONS OF NEW YORK STATE MINIMUM WAGE ACT.

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff's employer with the meaning of N.Y. Labor Law sec. 2 and 651.

68. Defendants in violation of NYLL, paid Plaintiff less than the minimum wage in violation of NYLL sec. 652(1) and supporting regulations of the New York State Department of Labor.

68. Defendants failure to pay Plaintiff minimum wage was willful with the meaning of N.Y. Labor Law sec. 663.

69. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## NEW YORK LABOR LAW SPREAD OF HOURS PROVISIONS

70. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

71. Plaintiff and similarly situated employees routinely worked more than ten hour days during the work week.

72. Defendants willfully, knowingly and/or recklessly violated the provisions of the NYLL which require an employer to provide employee with one hour's pay at the basic minimum wage required for day where the spread of hours exceeds ten hours or there is a split shift or both situations occur. See N.Y. COMP.CODES R & REGS. Tit. 12 sec. 142-2.4, 142.20.

73. Plaintiff and all other similarly situated present and former employees did not receive the spread of hours pay required under New York State Labor Law.

74. Due to Defendants' violation of the New York Labor Law, Plaintiff and all others similarly situated present and former employees are entitled to an additional hour of pay at the minimum wage for each day worked in excess of ten hours.

## FIFTH CLAIM FOR RELIEF

## WAGE NOTICE VIOATIONS PURUSANT TO NYLL 195(1)

75. Defendants failed to provide Plaintiff and other similarly situated employees with wage notice at the time of hiring.

76. NYLL 195(1) states pertinent part that an employer is to provide his or her employees, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances.

77. As a result of Defendants violation of the wage notice provisions, Plaintiff and similarly situated employees are entitled to the statutory penalty, plus attorney's fees.

## SIXTH CLAIM FOR RELIEF

## WAGE STATEMENT VIOATIONS PURUSANT TO NYLL 195(3)

78. Defendants failed to provide Plaintiff and other similarly situated employees with wage statements upon each earning cycle.

79. NYLL 195(3) states in pertinent part that an employer is to provide his or her employees with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

80. Defendants failed to provide Plaintiff with wage statements.

81. As a result of defendants' violation of the NYLL 195 wage statement provisions, Plaintiff and similarly situated employees are entitled to the statutory penalty plus attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 19 sec. 650.

(iii) Unpaid wages and additional and equal amounts as liquidated damages for

violations of Article 6 sec. 193 and supporting New York State Department of Labor Regulations 12 N.Y.C. R.R part 146-1.7 146-1.8

   (iv) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   (v) Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

   (vi) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

   (vii) Damages in an amount to be determined at trial for Defendant's violation of New York State Labor Law §196-d;

   (viii) Damages in the amount of five thousand ($5000) dollars for each plaintiff for wage notice violations pursuant to NYLL 195(1).

   (ix) Damages in the amount of five thousand ($5000) dollars for each plaintiff for wage statements violations pursuant to NYLL 195(3).

   (x) All attorneys' fees and costs incurred in prosecuting these claims; and

   (xi) Such other relief as this Court deems just and proper.

Dated: Brentwood, New York
October 6, 2020

        LAW OFFICES OF DELVIS MELENDEZ, P.C.

        Delvis Melendez
        s/s Delvis Melendez
        90 BRADLEY STREET
        BRENTWOOD, NEW YORK, 11717
        631-434-1443