UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE SANTOS ALVARANGA,
On behalf of himself and others similarly situated

                        Plaintiff,                   Index No.: 20-CV-4773

        -against-                          **DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

WANG WANG LAI INC., D/B/A MUSHROOMS
JIANPING WANG,
in his individual capacity.

                        Defendants.
-----------------------------------------------------------------X

     DELVIS MELENDEZ, ESQ., an attorney duly admitted to practice law in the State of New York, affirms the following under penalties of perjury.

     1.     I am a solo practitioner for the Law Offices of Delvis Melendez P.C., am counsel for the Plaintiff herein and familiar with the facts and circumstances set forth herein.

     2.     I submit this declaration in support of Plaintiff's application for an order pursuant to FRCP 55 granting Plaintiff entry of a default judgment against Defendants WANG WANG LAI INC., D/B/A MUSHROOMS AND JIANPING WANG in his individual capacity (collectively, "Defendants") because Plaintiff properly filed and served a Summons and Complaint in this action, and no Answer or appearance had been made by defendants.

     3.     This action seeks redress for Defendants' intentional, willful and repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law Article 19, § 650 *et seq.* and the supporting New York

       State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law"). Plaintiff also seek legal readdress of the deprivation of rights pursuant to New York Labor Law sec. 195(1) & (3) for failure to provide a wage notice and proper wage statements.

4. The time for Defendants WANG WANG LAI INC., AND JIANPING WANG to answer or otherwise move with respect to Plaintiff's Complaint herein has expired.

5. Defendants WANG WANG LAI INC., AND JIANPING WANG'S, default has been noted by the Clerk of the Court. A copy of the Certificate of Default is attached hereto as **Exhibit A**.

## NATURE OF ACTION

6. Plaintiff, Jose Santos Alvaranga was a long term employee of defendants working for the defendants throughout the entire state and federal statutory period. His employment came to an end on or about March 2020. (Compl. 10).

7. Plaintiff worked as a laborer. His primary function was washing dishes at the restaurant (Compl.11).

8. Defendant WANG WANG LAI INC., D/B/A MUSHROOMS is and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York. (Compl. 12).

9. As a non-exempt employee Plaintiff was required to be paid overtime pay at the statutory rate of time and one half the regular rate of pay after forty (40) hours worked in a workweek. (Compl. 26, 27).

10. Plaintiff worked more than forty hours per week throughout the course of his employment by Defendants. (Compl. 21, 26).

11. Defendants routinely required Plaintiff to work six days per week from 11:00 a.m. to 10:00 p.m. (Compl. 21). See also, (Affidavit of Jose Santos Alvaranga Attached hereto as Exhibit "E"). Defendants paid Plaintiff part in check and part in cash. At the beginning of his employment Defendants paid Plaintiff $523.00 by check and approximately $450.00 in cash bi weekly. By the end of his employment Defendants paid Plaintiff $600.00 in cash and $576.00 by check bi weekly. (Compl. 29). See also, (Affidavit of Jose Santos Alvaranga attached hereto as Exhibit "E").

12. Based on the amount of hours worked and pay received Defendants violated the minimum wage law by denying Plaintiff minimum wage. (Compl. 25).

13. Defendants failed to compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate, throughout the entire term of Plaintiff's employment with the Defendants. (Compl. 26).

14. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate bi-weekly payroll records for its non-exempt employees. (Compl. 31).

15. Defendants paid Plaintiff partially in cash, without providing an accurate indication as to Plaintiff's rate of pay, hours worked each day, and the total amount of hours worked each week. (Compl. 23, 24, 25).

16. Defendants failed to compensate Plaintiff with spread of hours pay when he worked more than ten hours in a single day. (Compl. 30) .

17. Defendants violated New York Labor Law when they failed to provide Plaintiff with a wage notice and/ or accurate wage statements. (Compl. 23, 24)

18. Based on the foregoing facts, Plaintiff would likely have prevailed if Defendants had answered the Complaint.

## PROCEDURAL HISTORY

19. On October 6, 2020, Plaintiff filed his Complaint charging Defendants with failure to pay minimum and overtime wages in violation of FLSA, failure to pay spread of hours and failure to provide accurate wage statement and wage in violation of New York State Labor Law. (DE 1). Plaintiff named WANG WANG LAI INC., D/B/A MUSHROOMS AND JIANPING WANG in his individual capacity as Defendants. (DE 1).

20. Plaintiff's Complaint was served on Defendants Wang Wang Lai Inc. d/b/a Mushrooms and Jianping Wang in his individual capacity on October 15, 2020. (DE 7)

21. On or about December 8, 2020, an initial conference was held before the Honorable Judge Feuerstein. (DE 9). Defendants did not appear nor did they move the Court in any manner responsive to the Complaint.

22. At the initial conference Plaintiff's counsel was directed to serve the Amended Complaint filed as of right on November 11, 2020 by 12/22/2020. (DE 9).

23. On or about December 12, 2020, Defendants were served with the Amended Complaint. (DE 10).

24. To date, Defendants WANG WANG LAI INC., AND JIANPING WANG have failed to answer Plaintiff's Complaint.

25. Pursuant to FRCP 55, Plaintiff is entitled to apply to the Court for a default judgment against all Defendants on all claims for relief, including all damages demanded in the Complaint and attorney's fees.

26. Copies of statements of attorney time and Plaintiff damages calculation are attached hereto as Exhibit "B" & "C".

27. A proposed judgment and order are attached as Exhibit "D".

28. Plaintiff's supporting affidavit is attached as to Exhibit "E".

29. Counsel's declaration of service is attached as Exhibit "F".

## DEFENDANTS' DEFAULT

30. Defendants WANG WANG LAI INC., and JIANPING WANG have failed to appear or otherwise answer Plaintiff's Complaint.

31. FRCP 55(a) provides that "when a party against whom a judgment is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

32. Defendants WANG WANG LAI INC., and JIANPING WANG have failed to answer or otherwise move with respect to Plaintiff's Complaint within the applicable time period, and the time for Defendants WANG WANG LAI INC, and JIANPING WANG to answer or otherwise move has expired.

## DAMAGES

33. The Plaintiff's damages were calculated based on his own testimony as to the hours worked and pay received. (Compl. 21, 29, 30, 23,24) See (Affidavit of Jose Santos Alvaranga attached hereto as Exhibit "E").

34. Plaintiff has established Defendants' liability under the FLSA and NYLL, the Court should award Plaintiff damages in the amounts described in Plaintiff's spreadsheet. See Fed. R. Civ. P. 55(b)(2); Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (affirming district court's determination that a court, rather than order an evidentiary hearing, "may rely on detailed affidavits or documentary evidence" to assess and award damages as court must simply ensure that "there was a basis for the damages specified in a default judgment"); Calle, 2017 WL 6942652, at *6 (citing Fustok, 873 F.2d at 40) (court's inquiry and assessment of damages "may be accomplished by evaluating and analyzing affidavits and other documentary evidence submitted by the plaintiff with respect to the quantification of damages"). Here, Plaintiff's affidavit and Complaint provide a sufficient basis to award damages under the FLSA and NYLL.

35. The minimum wage underpayment was calculated by multiply the controlling minimum wage rate, for the respective time period, by the total hours worked and subtracting the monies paid bi weekly then dividing by two to obtain the weekly underpayment. The half time rate for overtime was determined based on the appropriate minimum wage rate during the relevant time period. That rate was multiplied by the overtime hours to obtain the under payment. An additional award of one hundred (100%) percent in liquidated damages was assigned after April 2014. Twenty-five (25%) percent in liquidated damages was assigned for the time

worked prior to April 2014. An additional hour at the minimum wage rate was included in the calculation to determine the spread of hours' wage under payment. A five thousand ($5000.00) statutory damages for wage statement violations pursuant to NYLL195(1) was included. An additional, five thousand ($5000.00) statutory damages for wage notice violation Pursuant to NYLL 195(3) was also included in the calculations. (See spreadsheet attached as Exhibit "B").

36. Plaintiff respectfully request an award of damages of two hundred and twenty-two thousand eight hundred and twenty dollars ($222,820.00)

## ATTORNEY'S FEES & COSTS

37. Plaintiff's attorney has expended 8.40 hours of legal time on this matter. Counsel bills at the rate of $350.00 per hour.

38. Plaintiffs' Counsel has extensive experience prosecuting wage and hour class and collective actions. From 2000 through the present, Ms. Melendez has been self-employed as a solo practitioner, concentrating in Labor & Employment Law. More than 80 percent of her practice is dedicated to the representation of employees in workplace disputes. She has brought federal actions in the areas of national origin, race, and sex and age discrimination. As well as multiple collective and class actions for FLSA violations See *Berrios v. Nicholas Zito Racing Stable,* 2014 WL 12838562(E.D.N.Y 2014) (Judge Magistrate Tomlinson acknowledging "both Virginia & Ambinder and the law firm of Delvis Melendez, Esq. have had wage-and-hours cases before this Court. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the Class and to representing the interests of the Class").

7

39. In sum, Ms. Melendez possesses more than 22 years of extensive experience handling employment law matters. She has litigated before the New York State Division of Human Rights, Equal Employment Opportunity Commission, State and Federal Courts. She has completed three jury trials to conclusion in the Eastern District – all regarding Employment Law. Moreover, Ms. Melendez has several published decisions, in the Eastern District of New York including but not limited to EEOC v. First Wireless Group, 225 F.R.D 404 (E.D.N.Y 2004)(Class action national origin discrimination; Gonzalez v. El Acajutla, 2007 WL 869583)(collective action FLSA); Duck v. Port Jefferson S.D., 2008 WL 222590 (E.D.N.Y) (currently litigating age and sex discrimination); Gruberg v. Board of Education Sewanhaka Central H.S., 3. F. Supp. 2d. (E.D.N.Y 1998)(Age discrimination constructive discharge); Gonzalez v. Nicholas Zito Racing Stable, 2008 WL 941643(E.D.N.Y 2008)(FLSA recognized as class action counsel) Berrios v. Nicholas Zito Racing Stable 2012 WL 1034053(application granted on summary judgment for class action); Granados v. Gold Coast Tennis.( Default judgment granted as a sanction on a FLSA collective action and prevailing wage claim); Uto v. Job Site Services, 269 F.R.D 209(E.D.N.Y 2010)(sanctions imposed for failure to comply with Court Order on FLSA collective action.) (See Exhibit "C" legal time sheets for Delvis Melendez)

40. Plaintiffs' counsel respectfully requests an award of two thousand nine hundred and forty dollars ($2,940.00) for attorney fees.

**41.** To date, five hundred and eighty dollars ($580.00) have been expended in costs. Four hundred ($400.00) for the filing of a Summons and Complaint, one hundred and eighty dollars ($180.00) for process of services.

**42.** Defendants, were served by the undersigned with a copy of the instant motion and accompanying exhibits by certified mail.

**WHEREFORE**, Plaintiff respectfully requests that a default judgment be entered in favor of Plaintiff and against Defendants WANG WANG LAI INC., and JIANPING WANG in his individual capacity in the amount of two hundred and twenty-six thousand three hundred and forty dollars ($226,340.00). A copy of the proposed order is attached as Exhibit "D". The amount breaks down as follows. Two hundred and twelve thousand eight hundred and twenty dollars ($212,820) in minimum wage, overtime and spread of hours' violations with one hundred (100%) percent in liquidated damages after April 2014[1]. Ten thousand dollars ($10,000.) for wage statement and wage notice violation. For a total of two hundred and twenty-two thousand eight hundred and twenty dollars ($222,820). Two thousand nine hundred and forty dollars ($2940.00) in legal fees and five hundred and eighty dollars ($580.00) in costs.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to Plaintiff and that no part thereof has been paid.

Dated: Brentwood, New York
January 21, 2021

                                                   LAW OFFICE OF DELVIS MELENDEZ, P.C
                                                   *Attorneys for Plaintiff*

                                                   _s/s Delvis Melendez_____

---

[1] For the time Plaintiff worked prior to April 2014 25% in liquidated damages was adduced.

Delvis Melendez
90 BRADLEY ST.
BRENTWOOD, NY 11717
Tel. (631) 434-1443